# United States District Court

____SOUTHERN____ **DISTRICT OF** ___NEW YORK___

Gregory Chrysler

_Index No._

_Plaintiff(s) Petitioner(s)_

Calendar No. 07 CIV 847~

_against_

G. Guiney, Acting Superintendent

AFFIDAVIT OF SERVICE

_Defendant(s) Respondent(s)_

being sworn

____ORANGE____ COUNTY, NEW YORK STATE:    MICHAEL CRUDELE

says: Deponent is not a party herein, is over 18 years of age and resides at    66 Hickory Drive, Campbell Hall, NY

On   10-23-2007   at  11A-  .M., at  255 main st Goshen NY

deponent served the within ☐ summons   ☐ with notice
☐ summons and complaint
☐ notice of petition and petition
☐ subpoena   ☐ subpoena duces tecum
☒ Petition For Writ of Habeas Corpus

☐ summons, Spanish summons and complaint, the language required by NYCRR 2900.2(e), (f) & (h) was set forth on the face of the summons(es)

☐ citation
☒ United States District Court

on County of orange Destrict attorney office
        ATT Frank phillips

☐ defendant    (hereinafter
☐ respondent    called    therein named
☐ witness    the recipient)

**INDIVIDUAL** 1. ☐ by delivering a true copy of each to said recipient personally; deponent knew the person so served to be the person described as said recipient therein.

**CORPORATION** 2. ☒ a Municipal corporation, by delivering thereat a true copy of each to Lenda Mc Cormick personally, deponent knew said corporation so served to be the corporation, described in same as said recipient and knew said individual to be Confidential Secretary thereof to Frank phillips

**SUITABLE AGE PERSON** 3. ☐ by delivering thereat a true copy of each to ___ a person of suitable age and discretion. Said premises is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state.

**AFFIXING TO DOOR, ETC.** 4. ☐ by affixing a true copy of each to the door of said premises, which is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called there

**MAILING TO RESIDENCE USE WITH 3 OR 4** 5A. ☐ Deponent talked to ___ at said premises who stated that recipient ☐ lived ☐ worked there. Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient at recipient's last known residence, at ___ and deposited said envelope in an official depository under exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS USE WITH 3 OR 4** 5B. ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to recipient at recipient's actual place of business, at ___ in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient.

**DESCRIPTION** ☒

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ Male | ☒ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs |
| ☒ Female | ☐ Black Skin | ☒ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☒ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☒ 36-50 Yrs. | ☒ 5'4"-5'8" | ☐ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☒ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs |

Other identifying features:

**WITNESS FEES** ☐ $ ___ the authorizing traveling expenses and one days' witness fee; ☐ was paid (tendered) to the recipient ☐ was mailed to the witness with subpoena copy.

**MILITARY SERVICE** ☒ I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatsoever and received a negative reply. Recipient wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated.
Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Michael Crudele

JUDGE RAKOFF

FILED

-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

2007 AUG 23  AM 11: 54

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO      8474

---

GREGORY CHRYSLER,

             Petitioner,

    -v-

G. GUINEY, Acting Superintendent,

             Respondent.

DECISION AND ORDER
07-CV-0522Sr

---

      Petitioner, an inmate at the Five Points Correctional Facility, has brought this proceeding under 28 U.S.C. § 2254. Petitioner seeks to challenge a conviction reached in the County Court located in Orange County, New York. The Court finds that the Southern District of New York would be a more convenient forum for this action because all of the records relating to the petitioner's underlying criminal conviction are located in that district. *See* Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 499, n.15, 93 S.Ct. 1123, 1132, n.15, 35 L.Ed.2d 443 (1973). The determination of the petitioner's motion for permission to proceed *in forma pauperis* has been left to the Southern District of New York.

      IT HEREBY IS ORDERED, that the case is transferred to the United States District Court for the Southern District of New York.

      IT IS SO ORDERED.

                                    _____
                                      DAVID G. LARIMER
                                    United States District Judge

DATED:   August 21, 2007
           Rochester, New York

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GREGORY CHRYSLER,

      Petitioner,

vs.

                                     **PETITION FOR WRIT OF**
                                     **HABEAS CORPUS**

G. GUINEY, ACTING SUPERINTENDENT,
FIVE POINTS CORRECTIONAL FACILITY,         07 CV 0522 /P

      Grievant.

------------------------------------------------------------X

      By and through this action, petitioner seeks a writ of habeas corpus as his confinement

is illegal and violates the Constitution of the United States.

**PARTIES**

      1. Gregory Chrysler, the petitioner, is currently housed and incarcerated at the

Five Points Correctional Facility, Romulus, New York, Seneca County, within this judicial

district.

      2. Petitioner is currently serving a term of incarceration of 25 years to life for Murder

in the second degree and conspiracy in the second and fifth degrees, arising from the murder of

Dominick Pendino, in the County of Orange, State of New York.

      3. Petitioner was convicted of this crime in July 2000 and sentenced by the Honorable

Jeffrey Berry in Orange County Court on September 13, 2000.

      4. Petitioner has never before invoked the jurisdiction of the United States District

Court to contest the constitutionality of his conviction.

      5. G. Guiney is the Acting Superintendent of Five Points Correctional Facility and

as such is responsible for the confinement of petitioner.

### JURISDICTION

6. As petitioner contests the constitutionality of his confinement, this Court has jurisdiction pursuant to 28 U.S.C. secs. 1331, 2241 & 2254.

### STATEMENT OF PRIOR PROCEEDINGS

6. Following petitioner's conviction, through counsel, he filed a notice of appeal and timely perfected a direct appeal to the Appellate Division, Second Department.

7. Petitioner's initial counsel on appeal, the undersigned, was suspended from the practice of law before the appeal was deemed fully perfected, and after the appointment and then replacement of court-selected counsel, petitioner and his family retained Robert Isseks, Esq. and Alex Smith, Esq. of Middletown, New York, county of Orange, to perfect the appeal and on February 19, 2004, the Second Department approved the substitution of Mr. Isseks as counsel for petitioner.

8. In May 2004, counsel Isseks and Smith filed a Supplemental Brief with the Second Department.

9. The direct appeal raised numerous federal constitutional issues pertaining, broadly, to the trial court's refusal to enforce fundamental rules of disclosure which guarantee a fair trial under the Sixth Amendment and the failure by petitioner's trial counsel to provide effective assistance of counsel by severing this trial of petitioner with a co-defendant, Larry Weygant.

10. On December 29, 2004, the Second Department denied petitioner's direct appeal, People v. Chrysler, 13 AD3d 550 (2nd Dept 2004).

11. On January 18, 2005, Mr. Isseks filed a written application to the Honorable Judith

S. Kaye seeking certification, pursuant to section 460.20(3-b) of the Criminal Procedure Law and sec. 500.10 of the Rules of the New York State Court of Appeals, that in the record and the proceedings that were questions of law which the Court of Appeals should review.

12. The letter to Chief Judge Kaye enumerated the constitutional errors set forth in the appellate briefs.

13. On February 18, 2005, through Associate Justice George Bundy Smith, the Court of Appeals declined petitioner's request for certification.

14. On May 2, 2005, Mr. Isseks and Mr. Smith filed a motion, pursuant to CPL sec. 440.10. In that motion, petitioner's counsel claimed that Chrysler was denied effective assistance when trial counsel declined the trial court's invitation to sever his trial from that of his co-defendant. Counsel also claimed that the admission of co-defendant Weygant's Grand Jury testimony violated petitioner's federal constitutional right to confrontation, citing Crawford v. Washington, 124 S.Ct. 1353 (2004).

15. On direct appeal [in their supplemental brief filed with the Second Department and in their application for leave to appeal to the New York State Court of Appeals], counsel Isseks and Smith did not raise the 'confrontation' argument, though the Supreme Court of the United States decided Crawford right after their appointment as Chrysler's appellate counsel and three months before the filing of their supplemental brief on behalf of the petitioner.

16. In paragraph 20 of their Affirmation in Support of the 440.10 petition, Mrrs. Isseks and Smith represented to the trial court that "Chrysler's appellate briefs were submitted to the Second Department prior to the Crawford decision."

17. On September 30, 2005, the trial court, Berry, J., denied petitioner's 440.10 petition,

Page -3-

holding that Chrysler made a knowing, intelligent and voluntary waiver of his right to sever his trial from Weygant's and that petitioner should have raised his *Crawford*/confrontation clause argument on direct appeal.

18.  On October 24, 2005, petitioner's counsel, Smith & Isseks, applied to the Appellate Division, Second Department for leave to appeal Judge Berry's denial of the 440.10 petition.

19.  On November 30, 2005, the Appellate Division, Second Department denied leave to appeal.

20.  On October 16, 2006, through the undersigned, petitioner filed a petition for a writ of coram nobis, contending that by failing to raise the Crawford/confrontation clause issue on direct appeal, Mrrs. Isseks and Smith had failed to provide effective appellate counsel.

21.  On November 2, 2006, the People responded to this petition.

22.  On November 13, 2006, through counsel, petitioner submitted a Reply Affirmation in support of the petition for said writ.

23.  On February 6, 2007, the Second Department held "The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v. Barnes*, 463 U.S. 745; *People v. Shultz*, 2 NY3d 277)." This rejection of petitioner's claim represents an adjudication on the merits for purposes of 28 U.S.C. sec. 2254(d).

24.  By letter dated February 28, 2007, the People, acting through the District Attorney of Orange County, entered and served the February 6, 2007 decision.

25.  On March 28, 2007, petitioner sought leave from the New York State Court of Appeals to review the decision of the Second Department.

26.  By order dated June 15, 2007 and served by the People on July 20, 2007, the Court of

Appeals, acting through Associate Judge Robert S. Smith, declined to permit an appeal to that Court and effectively adopted the decision of the Appellate Division.

## PETITIONER'S SUBSTANTIVE CLAIMS

### A. The Severance claim

27. At the trial of this matter, the trial court allowed into evidence the Grand Jury testimony of co-defendant, Larry Weygant.

28. Pre-trial, when advising petitioner of the risks of a joint trial, Judge Berry mentioned several evidentiary matters which His Honor anticipated would be offered against Weygant and otherwise be inadmissible against Chrysler.

29. Chrysler agreed to a joint trial as in each of these cases, his counsel would have the opportunity to cross-examine the maker of the allegedly prejudicial statement.

30. However, neither Justice Berry nor trial counsel informed petitioner that the Grand Jury testimony of Weygant could or would be offered into testimony and admitted against him or that his counsel would not have the opportunity to cross-examine his co-defendant in a joint trial.

31. As such, petitioner could have made no knowing, voluntary and/or intelligent waiver of his right to severance and the Trial Court's decision to this effect - in denying the petitioner's 440.10 petition - violated his due process rights and his right to a fair trial as protected by the Sixth Amendment. Said decision was affirmed by the Second Department, which refused to entertain prior appellate counsel's application for a certificate for leave to appeal on the issue of whether said conduct by trial counsel violated Strickland and denied petitioner his 6th Amendment rights.

### B. The Confrontation Clause Claim

32. Having not been informed that the Grand Jury testimony of his co-defendant would be introduced into evidence in his trial and that Weygant's prior testimony would be used against him and that he would have no chance, through counsel, to cross-examine his co-defendant, Chrysler was also deprived of his right to confrontation as assured by the Sixth Amendment .

33. The Crawford case plainly established this right in February 2004.

34. Appellate counsel Isseks and Smith failed to raise this issue on direct appeal in the Supplemental Brief they filed with the Appellate Division in May 2004.

35. By failing to raise this issue on direct appeal as Judge Berry stated they should have in denying petitioner's late 440.10 petition, both Isseks and Smith acted ineffectively and without a strategic purpose.

36. By acting ineffectively, Isseks and Smith deprived petitioner of effective appellate counsel in violation of the Sixth Amendment because their performance seriously compromised petitioner's rights in a manner which met the Strickland standard and because that deficiency prejudiced the petitioner.

37. In this light, the Appellate Division's rejection of petitioner's ineffective assistance of appellate counsel claim was an unreasonable application of clearly established federal law.

C. **Trial Court's Failure to Enforce Disclosure Requirements**

38. At trial, Judge Berry did not require the People to produce or allow defendants' counsel to listen to hundreds of hours of tape recordings made by the Town of Newburgh Police Department pre-trial and as part of their investigation of the underlying criminal event.

39. In failing to require the Police Department to turn over such materials, the Trial Court denied the defense an opportunity to develop alternative theories relating to this crime.

40. As Mr. Perdino body has never been found, as the defendant Chrysler denied any culpability for his murder, as the tape recording not made available before trial admittedly represent tips and like calls from the public received by the investigating police agency, denial of access to such materials, which may have constituted Brady material, was not harmless error and compromised the integrity of the trial.

## CAUSES OF ACTION

41. Petitioner incorporates paras. 1-40 as if fully rewritten herein.

42. Petitioner has been denied effective assistance of trial counsel and appellate counsel in violation of the Sixth Amendment of the United States Constitution.

43. The trial court's decision denying petitioner/defendant access to tape recordings in the custody of the People pre-trial deprived him of a fair trial under the Sixth Amendment to the United States Constitution.

44. Each of these issues has been reviewed on the merits by the Courts of the State of New York.

## PRAYER FOR RELIEF

WHEREFORE, the petitioner prays that this Honorable Court:

a) accept jurisdiction over this matter;

b) grant his petition for a writ of habeas corpus;

c) determine that his federal constitutional rights have been violated and

d) order his immediate release from the confinement and custody of the State of New York acting through grievant in this matter and

e) order any other relief the interests of justice require.

Respectfully submitted, 

MICHAEL H. SUSSMAN

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NEW YORK 10924
(845)-294-3991
(845)-294-1623 (FAX)
SUSSMAN1@FRONTIERNET.NET

JULY 30, 2007