STATE OF NEW YORK  ~~WESTERN~~ Southern DIST. COUNTY  U. S. DISTRICT COURT
DOCUMENTS SERVED WITH INDEX # 07-CIV 8474  AND FILED ON AUGUST 23, 2007
ATTORNEY(S) Sussman & Watkins , Ginny Esposito Lgl. Asst.

*Gregory Chrysler*  Plaintiff(s)/Petitioner(s)
vs
*G. Guiney, Acting Superintendent*  Defendant(s)/Respondent(s)

STATE OF NEW YORK: COUNTY OF ALBANY , SS.:

__Christopher Warner__, being duly sworn deposes and says deponent is not a party herein, is over the age of eighteen years and resides in the State of New York. That on __October 23, 2007__ at __11:00 am__ M at __NYS Justice Bldg., Albany, NY__ deponent (did) ~~did not~~ serve the within Copy of letter, Copy of Petition for Writ of __Corp along with a copy of a Transfer Order,__ on: __NYS Attorney General__, __Defendant__ (herein called recipient) therein named.

**#1 INDIVIDUAL** [ ]  By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

**#2 CORP.** [X]  A __xxxxxxx__ corporation, by delivering thereat a true copy of each to __Cristal Gazelone__ personally, deponent knew said corporation so served to be the corporation, described in same as said recipient and knew said individual to be __Authorized Agent__ thereof.

Service was made in the following manner after your deponent was unable, with due diligence, to serve the defendant in person, including an effort to reach the defendant by telephone, (if such telephone number was available) and an attempt to locate the defendant's place of employment.

**#3 SUITABLE AGE PERSON** [ ]  By delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is recipient's [ ] actual place of business [ ] dwelling house (usual place of abode) within the state

**#4 AFFIXING TO DOOR** [ ]  By affixing a true copy of each to the door of said premises, which is recipient's [ ] actual place of business [ ] dwelling house (usual place of abode) within the state.

**#5 MAILING COPY** [ ]  On _____ deponent completed service under the last two sections by depositing a copy of the _____ to the above address in a First Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.

Deponent called at the aforementioned address on the following dates and times:
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____

**#6 NON-SERVICE** [ ]  After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served because of the following:
[ ] Unknown at Address  [ ] Evading  [ ] Moved left no forwarding  [ ] Address does not exist  [ ] Other

**#7 DESCRIPTION** [X] (use with #1, 2 or 3)  A description of the Defendant, or other person served, on behalf of the Defendant is as follows: Sex __Female__ Color of skin __White__ Color of hair __Brown__ Approx.Age __21 - 35 Yrs.__ Approx.Height __5' 4" - 5' 8"__ Approx. weight __161 - 200 Lbs__ Other _____

**#8 WIT. FEES** [ ]  $ _____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient.

Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or on active duty in the military service in the State of New York and was informed he/she was not.

Sworn to before me on this 24th day of October 2007

ROBIN BRANDOW
Notary Public, State of New York
Qualified in Albany County
Reg. No. 01BR6149507
Commission Expires July 10, 2010

Christopher Warner

Invoice•Work Order # 0721579

**ALEXANDER, POOLE & CO., INC. • 11 NORTH PEARL STREET • ALBANY, NEW YORK, 12207**

JUDGE RAKOFF

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED
2007 AUG 23 AM 11: 54

-PS-

---

GREGORY CHRYSLER,

   Petitioner,

 -v-

G. GUINEY, Acting Superintendent,

   Respondent.

DECISION AND ORDER
07-CV-0522Sr

---

 Petitioner, an inmate at the Five Points Correctional Facility, has brought this proceeding under 28 U.S.C. § 2254. Petitioner seeks to challenge a conviction reached in the County Court located in Orange County, New York. The Court finds that the Southern District of New York would be a more convenient forum for this action because all of the records relating to the petitioner's underlying criminal conviction are located in that district. *See* Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 499, n.15, 93 S.Ct. 1123, 1132, n.15, 35 L.Ed.2d 443 (1973). The determination of the petitioner's motion for permission to proceed *in forma pauperis* has been left to the Southern District of New York.

 IT HEREBY IS ORDERED, that the case is transferred to the United States District Court for the Southern District of New York.

 IT IS SO ORDERED.

                _____
                DAVID G. LARIMER
                United States District Judge

DATED: August 21, 2007
    Rochester, New York

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GREGORY CHRYSLER,

    Petitioner,

vs.

G. GUINEY, ACTING SUPERINTENDENT,
FIVE POINTS CORRECTIONAL FACILITY,

    Grievant.

-------------------------------------------------X

**PETITION FOR WRIT OF HABEAS CORPUS**

07 CV 0522

    By and through this action, petitioner seeks a writ of habeas corpus as his confinement is illegal and violates the Constitution of the United States.

**PARTIES**

    1. Gregory Chrysler, the petitioner, is currently housed and incarcerated at the Five Points Correctional Facility, Romulus, New York, Seneca County, within this judicial district.

    2. Petitioner is currently serving a term of incarceration of 25 years to life for Murder in the second degree and conspiracy in the second and fifth degrees, arising from the murder of Dominick Pendino, in the County of Orange, State of New York.

    3. Petitioner was convicted of this crime in July 2000 and sentenced by the Honorable Jeffrey Berry in Orange County Court on September 13, 2000.

    4. Petitioner has never before invoked the jurisdiction of the United States District Court to contest the constitutionality of his conviction.

    5. G. Guiney is the Acting Superintendent of Five Points Correctional Facility and

as such is responsible for the confinement of petitioner.

### JURISDICTION

6. As petitioner contests the constitutionality of his confinement, this Court has jurisdiction pursuant to 28 U.S.C. secs. 1331, 2241 & 2254.

### STATEMENT OF PRIOR PROCEEDINGS

6. Following petitioner's conviction, through counsel, he filed a notice of appeal and timely perfected a direct appeal to the Appellate Division, Second Department.

7. Petitioner's initial counsel on appeal, the undersigned, was suspended from the practice of law before the appeal was deemed fully perfected, and after the appointment and then replacement of court-selected counsel, petitioner and his family retained Robert Isseks, Esq. and Alex Smith, Esq. of Middletown, New York, county of Orange, to perfect the appeal and on February 19, 2004, the Second Department approved the substitution of Mr. Isseks as counsel for petitioner.

8. In May 2004, counsel Isseks and Smith filed a Supplemental Brief with the Second Department.

9. The direct appeal raised numerous federal constitutional issues pertaining, broadly, to the trial court's refusal to enforce fundamental rules of disclosure which guarantee a fair trial under the Sixth Amendment and the failure by petitioner's trial counsel to provide effective assistance of counsel by severing this trial of petitioner with a co-defendant, Larry Weygant.

10. On December 29, 2004, the Second Department denied petitioner's direct appeal, People v. Chrysler, 13 AD3d 550 (2nd Dept 2004).

11. On January 18, 2005, Mr. Isseks filed a written application to the Honorable Judith

S. Kaye seeking certification, pursuant to section 460.20(3-b) of the Criminal Procedure Law and sec. 500.10 of the Rules of the New York State Court of Appeals, that in the record and the proceedings that were questions of law which the Court of Appeals should review.

12. The letter to Chief Judge Kaye enumerated the constitutional errors set forth in the appellate briefs.

13. On February 18, 2005, through Associate Justice George Bundy Smith, the Court of Appeals declined petitioner's request for certification.

14. On May 2, 2005, Mr. Isseks and Mr. Smith filed a motion, pursuant to CPL sec. 440.10. In that motion, petitioner's counsel claimed that Chrysler was denied effective assistance when trial counsel declined the trial court's invitation to sever his trial from that of his co-defendant. Counsel also claimed that the admission of co-defendant Weygant's Grand Jury testimony violated petitioner's federal constitutional right to confrontation, citing Crawford v. Washington, 124 S.Ct. 1353 (2004).

15. On direct appeal [in their supplemental brief filed with the Second Department and in their application for leave to appeal to the New York State Court of Appeals], counsel Isseks and Smith did not raise the 'confrontation' argument, though the Supreme Court of the United States decided Crawford right after their appointment as Chrysler's appellate counsel and three months before the filing of their supplemental brief on behalf of the petitioner.

16. In paragraph 20 of their Affirmation in Support of the 440.10 petition, Mrrs. Isseks and Smith represented to the trial court that "Chrysler's appellate briefs were submitted to the Second Department prior to the Crawford decision."

17. On September 30, 2005, the trial court, Berry, J., denied petitioner's 440.10 petition,

holding that Chrysler made a knowing, intelligent and voluntary waiver of his right to sever his trial from Weygant's and that petitioner should have raised his *Crawford*/confrontation clause argument on direct appeal.

18. On October 24, 2005, petitioner's counsel, Smith & Isseks, applied to the Appellate Division, Second Department for leave to appeal Judge Berry's denial of the 440.10 petition.

19. On November 30, 2005, the Appellate Division, Second Department denied leave to appeal.

20. On October 16, 2006, through the undersigned, petitioner filed a petition for a writ of coram nobis, contending that by failing to raise the *Crawford*/confrontation clause issue on direct appeal, Mrs. Isseks and Smith had failed to provide effective appellate counsel.

21. On November 2, 2006, the People responded to this petition.

22. On November 13, 2006, through counsel, petitioner submitted a Reply Affirmation in support of the petition for said writ.

23. On February 6, 2007, the Second Department held "The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v. Barnes*, 463 U.S. 745; *People v. Shultz*, 2 NY3d 277)." This rejection of petitioner's claim represents an adjudication on the merits for purposes of 28 U.S.C. sec. 2254(d).

24. By letter dated February 28, 2007, the People, acting through the District Attorney of Orange County, entered and served the February 6, 2007 decision.

25. On March 28, 2007, petitioner sought leave from the New York State Court of Appeals to review the decision of the Second Department.

26. By order dated June 15, 2007 and served by the People on July 20, 2007, the Court of

Page -4-

Appeals, acting through Associate Judge Robert S. Smith, declined to permit an appeal to that Court and effectively adopted the decision of the Appellate Division.

### PETITIONER'S SUBSTANTIVE CLAIMS

#### A. The Severance claim

27. At the trial of this matter, the trial court allowed into evidence the Grand Jury testimony of co-defendant, Larry Weygant.

28. Pre-trial, when advising petitioner of the risks of a joint trial, Judge Berry mentioned several evidentiary matters which His Honor anticipated would be offered against Weygant and otherwise be inadmissible against Chrysler.

29. Chrysler agreed to a joint trial as in each of these cases, his counsel would have the opportunity to cross-examine the maker of the allegedly prejudicial statement.

30. However, neither Justice Berry nor trial counsel informed petitioner that the Grand Jury testimony of Weygant could or would be offered into testimony and admitted against him or that his counsel would not have the opportunity to cross-examine his co-defendant in a joint trial.

31. As such, petitioner could have made no knowing, voluntary and/or intelligent waiver of his right to severance and the Trial Court's decision to this effect - in denying the petitioner's 440.10 petition - violated his due process rights and his right to a fair trial as protected by the Sixth Amendment. Said decision was affirmed by the Second Department, which refused to entertain prior appellate counsel's application for a certificate for leave to appeal on the issue of whether said conduct by trial counsel violated Strickland and denied petitioner his 6th Amendment rights.

#### B. The Confrontation Clause Claim

32. Having not been informed that the Grand Jury testimony of his co-defendant would be introduced into evidence in his trial and that Weygant's prior testimony would be used against him and that he would have no chance, through counsel, to cross-examine his co-defendant, Chrysler was also deprived of his right to confrontation as assured by the Sixth Amendment.

33. The Crawford case plainly established this right in February 2004.

34. Appellate counsel Isseks and Smith failed to raise this issue on direct appeal in the Supplemental Brief they filed with the Appellate Division in May 2004.

35. By failing to raise this issue on direct appeal as Judge Berry stated they should have in denying petitioner's late 440.10 petition, both Isseks and Smith acted ineffectively and without a strategic purpose.

36. By acting ineffectively, Isseks and Smith deprived petitioner of effective appellate counsel in violation of the Sixth Amendment because their performance seriously compromised petitioner's rights in a manner which met the Strickland standard and because that deficiency prejudiced the petitioner.

37. In this light, the Appellate Division's rejection of petitioner's ineffective assistance of appellate counsel claim was an unreasonable application of clearly established federal law.

### C. Trial Court's Failure to Enforce Disclosure Requirements

38. At trial, Judge Berry did not require the People to produce or allow defendants' counsel to listen to hundreds of hours of tape recordings made by the Town of Newburgh Police Department pre-trial and as part of their investigation of the underlying criminal event.

39. In failing to require the Police Department to turn over such materials, the Trial Court denied the defense an opportunity to develop alternative theories relating to this crime.

40. As Mr. Perdino body has never been found, as the defendant Chrysler denied any culpability for his murder, as the tape recording not made available before trial admittedly represent tips and like calls from the public received by the investigating police agency, denial of access to such materials, which may have constituted <u>Brady</u> material, was not harmless error and compromised the integrity of the trial.

## CAUSES OF ACTION

41. Petitioner incorporates paras. 1-40 as if fully rewritten herein.

42. Petitioner has been denied effective assistance of trial counsel and appellate counsel in violation of the Sixth Amendment of the United States Constitution.

43. The trial court's decision denying petitioner/defendant access to tape recordings in the custody of the People pre-trial deprived him of a fair trial under the Sixth Amendment to the United States Constitution.

44. Each of these issues has been reviewed on the merits by the Courts of the State of New York.

## PRAYER FOR RELIEF

WHEREFORE, the petitioner prays that this Honorable Court:

a) accept jurisdiction over this matter;

b) grant his petition for a writ of habeas corpus;

c) determine that his federal constitutional rights have been violated and

d) order his immediate release from the confinement and custody of the State of New York acting through grievant in this matter and

e) order any other relief the interests of justice require.



Respectfully submitted,

MICHAEL H. SUSSMAN

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NEW YORK 10924
(845)-294-3991
(845)-294-1623 (FAX)
SUSSMAN1@FRONTIERNET.NET

JULY 30, 2007